**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cindy Loza, et al, | No. CV 09-1001-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| Native American Air Ambulance, et al, | |
| Defendants. | |

Pending before the Court is Defendant United States of America's Motion to Dismiss (Doc. # 11) and Plaintiffs' Motion to Remand (Doc. # 15). For the reasons that follow, the Court dismisses Defendant United States and remands this case back to state court.

**BACKGROUND**

On January 29, 2009, Plaintiffs filed a complaint in the Maricopa County Superior Court alleging medical malpractice against certain named defendants, including Dr. Jesus Carpio. On February 2, 2009, Plaintiffs filed an administrative tort clam with allegations pertaining to Dr. Carpio similar to those contained in Plaintiffs' January 29 complaint. At the time of the alleged acts of malpractice, Dr. Carpio was an employee of Parker Indian Hospital–a hospital operated by the Indian Health Service, an agency of the United States Department of Health and Human Services.

On May 11, 2009, the United States, on behalf of Dr. Carpio, removed Plaintiffs' action to this Court and substituted the United States for Defendant Dr. Carpio under 28 U.S.C. § 2679(d)(2). Shortly thereafter, Defendant United States filed its Motion to Dismiss.

**ANALYSIS**

"Federal Rule of Civil Procedure 12(b)(1) allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001). Normally, on a 12(b)(1) motion, this Court is "free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. In such circumstances, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (internal quotations and citations omitted). However, when considering a motion under 12(b)(1), if the jurisdictional issue is dependant on the resolution of factual issues relating to the merits of the case, the Court applies the 12(b)(6) standard of assuming that all of the allegations in the complaint are true. *Id*.

The Federal Tort Claims Act ("FTCA") waives the sovereign immunity of the United States for certain actions in tort. The FTCA vests federal district courts with exclusive jurisdiction over suits alleging negligence of Government employees. *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992). Section 2675 of the FTCA provides, in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

Proceedings in this Court against the United States under the FTCA are not permitted without a claim having first been filed with the appropriate federal agency and the plaintiff having either: (1) received a conclusive denial of the claim from the agency, or (2) waited six months without a final disposition of the claim. *Caton v. United States*, 495 F.2d 635, 638 (9th Cir. 1974). The Ninth Circuit Court of Appeals has repeatedly held that the "claim requirement of section 2675 is jurisdictional in nature and may not be waived." *Jerves*, 966 F.2d at 519 (quoting *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985)).

Defendant United States argues that Plaintiffs were not permitted to file their action in federal court until August 2, 2009–six months after the date Plaintiffs filed their administrative tort claim.[1] Thus, Defendant argues, this Court lacks subject matter jurisdiction to consider Plaintiffs' claim against the United States under 28 U.S.C. § 2675(a). In response, Plaintiffs' do not deny that this Court lacks subject matter jurisdiction under 28 U.S.C. § 2675(a). Rather, Plaintiffs argue that because the Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 2675(a), removal to this Court was improper. While the Court recognizes the seeming paradox between the presence of removal jurisdiction on the one hand and the absence of subject matter jurisdiction on the other, removal was nevertheless permissible.

Congress has specifically provided for the removal of such actions under the FTCA:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court *shall be removed* without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General

---

[1] Based upon the record before the Court, Plaintiffs have not yet received a denial of their claim either.

shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(2) (emphasis added). *See also* 28 U.S.C. § 1442 ("A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . . ."). Congress did not provide the same restrictions–six-month waiting period or a letter of denial–for removal jurisdiction as it did for subject matter jurisdiction under 28 U.S.C. § 2675(a). Because Congress has specifically mandated that such actions are removable from state courts, removal to this Court is permissible.

Having concluded that removal was proper, the Court must next address whether it has subject matter jurisdiction over Plaintiffs' complaint. As discussed earlier, because of the six-month requirement, this Court lacks subject matter jurisdiction under 28 U.S.C. § 2675(a) to consider Plaintiffs' claim against the United States. However, dismissing the United States as a Defendant for Plaintiffs' failure to comply with the FTCA does not resolve Plaintiffs' claims against the other named Defendants. The Court has removal jurisdiction pursuant to 28 U.S.C. §§ 1442(a), 2679(d) because the United States is a Defendant. With the Court's dismissal of Defendant United States, however, there remains no independent basis for federal jurisdiction. The Court declines to exercise supplemental jurisdiction over the remaining claims against the named Defendants because the claim the Court has independent jurisdiction over has been dismissed. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . .the district court has dismissed all claims over which it has original jurisdiction."). Rather than dismiss the entire action–which would result in Plaintiffs having to file this same action again in state court only without naming Dr. Carpio or the United States–the Court will dismiss Defendant

United States as a party to this action and thereafter grant Plaintiffs' Motion for Remand. To do so respects Plaintiffs' originally chosen forum to litigate this matter, and avoids the needless wasting of the parties' resources in having to file a new, identical action in state court.

Accordingly,

**IT IS ORDERED** that Defendant United States of America's Motion to Dismiss (Doc. # 11) is granted in that Defendant United States is dismissed without prejudice from this action.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Remand (Doc. # 16) is granted in part and denied in part. Plaintiffs' Motion for Remand (Doc. # 16) is granted to the extent that this matter is remanded back to state court, save the dismissal of United States of America as a Defendant to this action.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall close this case.

DATED this 2nd day of September, 2009.

*James A. Teilborg*
United States District Judge